———o———

JAMES WHALEN, Respondent, *vs.* THE CENTENARY CHURCH OF THE CITY OF ST. LOUIS, Appellant.

1. *Damages—Fall . from scaffold—Ill construction—Superintendent—Co-employees.*—A superintendent, placed in charge of work, is not a fellow servant with the employees, but the agent of the master and a vice principal, and not within the rule as to the non-liability of the master for negligence of a co-employee. And where, by the defectiveness or ill construction of a scaffold built by the superintendent or under his directions and necessary for the work in which he was engaged, an employee receives a fall and injuries, and the superintendent is guilty of negligence in preparing the scaffold, and if the servant exercised proper care, the master will be liable.

Whalen v. The Centenary Church of the City of St. Louis.

2. *Defective appliances—Incompetent co-employee.*—Where the master employs incompetent servants or defective machinery, the risks arising from either of these circumstances are not implied by the contract of the servant.

3. *Master and servant—Care in providing appliances.*—To provide a safe place where the servant can work is an obvious duty of the employer.

4. *Master and servant—Care as to appliances.*—A master is bound to exercise proper care in the materials and machinery given to a servant to work upon, or with, and if this duty is neglected, he is liable for resulting injuries.

5. *Instruction—Vindictive Damages—Evidence.*—An instruction awarding vindictive damages, without evidence to warrant it, is improper.

## Appeal from St. Louis Circuit Court.

*W. F. Causey*, for Appellant, cited Shearm. & Redf., Negl., 2 ed., ch. 6, p. 109 ; Mann vs. Oriental Mill Co., Am. Law Reg., Dec., 1875 ; Finney vs. Railway, 62 Barb., 218 ; Harper vs. Ind. R. R., 47 Mo., 567 ; Rohback vs. Pac. R. R., 43 Mo., 187 ; Brothers vs. Cartter, 52 Mo., 372.

*Cline, Jamison & Day*, for Appellant, cited Brothers vs. Cartter, 52 Mo., 372 ; Gibson vs. Pac. R. R., 46 Mo., 163 ; Harper vs. Ind. R. R., 47 Mo., 567 ; McDermott vs. Pac. R. R., 30 Mo., 115 ; Rohback vs. Pac. R. R., 43 Mo., 187 ; Priestly vs. Fowler, 3 Mus. & W., 1 ; Farwell vs. B. & W. R. R., 4 Met., 49 ; Wigmore vs. Jay, 5 Exch., 345 ; Tenant vs. Webb, 18 C. B., 797 ; Wright vs. N. Y. Cent. R. R., 25 N. Y., 572 ; Warren vs. Erie R. R. Co., 39 N. Y., 470 ; Caldwell vs. Brown, 53 Penn. St., 453.

*Farish & Griffin*, for Respondent, cited Gormley vs. Vulcan Iron Works, 61 Mo., 492 ; Lewis, Adm'r, vs. St. L. & I. M. R. R., 59 Mo., 495 ; Harper vs. Ind. & St. L. R. R., 47 Mo., 567 ; Brothers vs. Cartter, 52 Mo., 372 ; Gibson vs. Pac. R. R., 46 Mo., 163.

NAPTON, Judge, delivered the opinion of the court.

This was a suit for damages brought by a stone mason to recover damages from the defendant, by reason of negligence of the defendant.

The plaintiff was originally employed by the contractors for the stone work of the building, but upon the completion of

this job, and his consequent discharge, the superintendent, placed in charge of all the work, employed the plaintiff to cut off some stone projections in the upper part of the building for the purpose of putting up gutters.

To perform this work a swinging scaffold was necessary, and Mr. Legg, the superintendent, built or had the scaffold built. The scaffold proved to be defective, or perhaps, not securely fastened to the poles, and the plaintiff, whilst at work, was precipitated to the ground and considerably injured.

The principal defense in this case is based upon the well settled doctrine which regulates the relation of master and servant, which was discussed by C. J. Shaw, in Farwell vs. B. R. R. Co. (4 Metcf., 49), and since pretty generally adopted. The doctrine, is that one servant cannot recover from his master damages for an injury occasioned by the negligence of his fellow servants. The policy of this rule is mainly based on the nature of the contract between servant and master, and the legal presumption that the compensation of the servant has been adjusted by risks of this sort. The servant, as C. J. Shaw observed, "does not stand towards the master in the relation of a stranger, but is one whose rights are regulated by contract."

But it is conceded, that if the master employs incompetent servants, or defective machinery, the risks arising from either of these are not implied by the contract.

To provide a safe place where the servant can work, would seem to be one of the most obvious duties of the employer. A master is bound to exercise proper care in the materials and machinery given to a servant to work upon, or with, and if this duty is neglected, he is liable for injuries. (Whart. on Agen., Ch. 1, § 20.)

If the superintendent, Legg, was not a fellow servant of the plaintiff, and was guilty of negligence in the construction of this scaffold, and the plaintiff was guilty of none, there can be no question of the right of recovery.

It is insisted, and authorities are quoted to establish the position, that Legg was a fellow servant of the plaintiff. To

examine and review the cases in this country and in England in regard to what constitutes fellow service, would occupy more time and space than is allowed or expected in judicial decisions.  We refer to the text books to show a great diversity of opinion.  We think Mr. Legg was the agent, not the servant, for the corporation.  He was the vice principal, and whatever he did was their act.  The instruction given by the court was then mainly correct.

The judgment must be reversed, because the court in an instruction to the jury allowed them to find vindictive or punitive damages, when there was no evidence to justify such an instruction.

Judgment reversed and case remanded.  The other judges concur except Judge Vories, absent.