WILLIAM CHASTEEN, RESPONDENT, v. SINGER SEWING MACHINE COMPANY, A CORPORATION, APPELLANT.—41 S. W. (2d) 621.

In the Springfield Court of Appeals.   August 14, 1931.

*Howard Gray* and *T. C. Tadlock* for appellant.

*Roy Coyne, Wm. O. Hanks* and *S. W. Bates* for respondent.

SMITH, J.—In this suit the plaintiff in his petition alleged that the defendant, a corporation, was engaged in the business of storing, displaying, selling and delivering Singer Sewing Machines from its place of business located at 521½ Main street in Joplin, Missouri, having in its employ at this location less than ten employees and not determined to be engaged in a business hazardous to its employees; that the building in which the business was conducted faced on Main street, and to the back of said building was an alley, the surface of which was about four feet lower than the rear door in the building and that the defendant in the course of its business was accustomed to and did load from the rear door of said building sewing machines and other merchandise into trucks or vehicles being situate in said alley for such purposes.

The petition contains also the following:

"Plaintiff further states that on the 27th day of September, 1930 and for a long time prior thereto he was in the employ of the defendant engaged as a workman and helper in and about said building and place of business; that it became and was his duty under the direction of J. S. Foreman, the superintendent and manager of defendant's place of business, among other duties, to help and assist in

loading merchandise of the defendant from said doorway into trucks or vehicles so located in said alley, as aforesaid.

"Plaintiff for his cause of action states that on said 27th day of September, 1930, aforesaid, while in the course of his employment as such employee of the defendant, as aforesaid, and acting under the orders and directions of the defendant's foreman, aforesaid, this plaintiff stepped from said doorway, at the back or east end of said building, into the alley, aforesaid, for the purpose of assisting in lifting a heavy sewing machine out of said doorway into said alley and loading it into an automobile truck in said alley; that whilst he was so engaged in the discharge of his duties, as aforesaid, under the direction and in compliance with the orders of the said J. S. Foreman, superintendent and manager, aforesaid, and in the exercise of due care, the defendant by and through its said foreman, the said J. S. Foreman aforesaid, carelessly, recklessly and negligently, suddenly and without warning caused and permitted said sewing machine to fall from said doorway directly on and against this plaintiff, striking, bruising and injuring plaintiff in and upon the right side and abdomen of plaintiff and plaintiff in undertaking to protect himself from the fall of said sewing machine was compelled to use such violent exertion in catching and holding said sewing machine, that as a direct result of said carelessness and negligence of the defendant, as aforesaid, in causing and permitting said sewing machine to fall from said doorway into said alley upon and against this plaintiff and striking and bruising plaintiff and the exertion and strain plaintiff was compelled to undergo in so undertaking to protect himself, plaintiff was seriously injured in and upon the right side and abdomen and as a direct result thereof developed a strangulated inguinal hernia in his right side, was compelled to go to the hospital in Webb City, Missouri, and there undergo treatment and operation on account of said injuries so caused by the negligence and carelessness of the defendant, as aforesaid, and as a direct result of said injuries the plaintiff was permanently injured, has suffered and will continue to suffer intense physical pain and mental anguish, was required to undergo a serious operation for said injuries, as aforesaid, and was required to pay and has become obligated to pay large sums of money for physicians and surgical treatment and care and for hospital bills and attendants; that he was and has since been and is now wholly incapacitated from performing his usual work and labor and will be so incapacitated for a long time in the future; that plaintiff was an able-bodied man prior to said injuries and earned and received from $40 to $50 each week for his services as such employee, as aforesaid; that plaintiff has been and will be for a long time unable to perform any labor or work or earn any money on account of said injuries all to plaintiff's damages in the sum of $10,000.

"Plaintiff states that said injuries and loss are directly due, and proximately caused by the negligent failure of the defendant company to provide and maintain plaintiff a safe place to work, whilst he was preparing to assist in moving said sewing machine from said doorway into the alley, aforesaid, in that the defendant by and through the said J. S. Foreman, manager and superintendent of said business, failed to prevent said sewing machine from falling upon and against the plaintiff, resulting in the aforesaid injuries and loss to plaintiff.

"Wherefore, plaintiff prays judgment against the defendant in the sum of $10,000, on account of his injuries, expense and loss of time so caused by the negligence of the defendant, as aforesaid, and for his costs herein."

The defendant filed the following answer, caption and signature omitted:

"Now on this day cames the defendant and for its answer to the plaintiff's amended petition herein, denies each and every allegation in said amended petition, except that the defendant was at the time alleged in said petition and now is a corporation.

"The defendant, further answering said amended petition and as another defense to plaintiff's cause of action, states that if plaintiff was injured at the time and place alleged in said petition by the act of the said J. S. Foreman, named in said petition then this defendant is not liable therefor, for the reason at said time and place the said Foreman was acting with the plaintiff as his fellow servant."

The reply denied specifically that the plaintiff and J. S. Foreman were acting as fellow servants, and denied generally each and every allegation of new matter contained in the answer.

A trial was had to a jury and on December 13, 1930, a verdict was returned in plaintiff's favor for damages in the sum of $2500, and on the same day judgment was rendered for the plaintiff for that amount.

Proper steps were taken for appeal. Several assignments of error are presented but one question only will be considered as its solution will determine this case. We are of the opinion that under the facts disclosed by all the evidence, a recovery cannot be upheld. The defendant did not stand on its demurrer at the close of plaintiff's evidence but introduced its evidence, and having done so, this court should consider all the evidence in the case. [Downing v. Loose-Wiles Biscuit Co. (Mo. Sup.), 8 S. W. (2d) 884.]

There is but little controversy as to the facts in this case. The evidence is all one way as to the condition of the place where plaintiff was working at the time of the injury. The evidence all showed that the defendant used the building for storing Singer Sewing Machines, and as they were removed from the building they were removed through a rear door at which place the surface of the alley

was approximately twenty-eight inches below the floor in the doorway. There is not a particle of evidence that the surface of the alley was rough or in any way unsafe.

The work that plaintiff was doing at the time of his injury was assisting in removing a sewing machine from the door and placing it on the ground in the alley to be covered with a canvas and then to be placed in a truck or motor vehicle to be taken away to be shown or delivered to purchasers. There is some controversy as to which employee took the machine away. The defendant's testimony was to the effect that the plaintiff hauled it away and delivered it to a customer, the plaintiff contended that the machine was not set in the street for him, but for some other employee and that he had nothing to do with removing it, and does not know what became of the machine, as he did not move it after he was injured in setting it on the ground. We think that discrepancy in the evidence is not material to the issues.

The evidence all shows that J. S. Foreman was the manager of that sales room and of the business conducted from that location, and that he was working under a supervisor who did not stay at that location. The plaintiff was assistant manager at that location and was to act as manager in the absence of J. S. Foreman. Foreman, however, wrote all checks and paid the employees and had general supervision around the place. It was the duty of both men, as well as other employees of the defendant, to uncrate, and set up machines, to unload them from the storeroom through the rear door into the alley, place canvasses over machines and place them in vehicles to be taken away into the neighborhood and sold by each separate employee.

The machines would weigh ninety-five or 100 pounds, and often an employee would take a machine out of the storeroom, canvass it and place it on a truck by himself, and often the foreman and all the salesmen would help each other to remove the machines and load them upon the vehicles. And J. S. Foreman did assist in doing this work when he was around. The testimony shows that at this particular instance J. S. Foreman told the plaintiff to step down into the street and set the machine down in the street. It also shows that Foreman pulled the machine to the door and toppled it or pushed it on out of the door or dropped it out as the plaintiff was there to take it out and set it down, and as the plaintiff caught it or took hold of it, as it went down he was injured in his groin which proved to be a serious rupture for which he was operated on the next day. There is no question about the seriousness of the injury.

There is no complaint made by plaintiff in the petition of the negligence of the defendant in the foreman's ordering him into the street to assist in setting the machine down in the street, but plaintiff's cause of action is based entirely upon the alleged negligence of the foreman

in "carelessly, recklessly and negligently, suddenly and without warning caused and permitted said sewing machine to fall from said doorway directly on and against this plaintiff." The defendant is sought to be held liable under the contention that J. S. Foreman was acting in the capacity of a foreman at the time he caused or permitted the machine to fall, and was at the time the vice principal of the master.

The defendant contends that at the time Foreman was assisting the plaintiff remove the machine that he and the plaintiff were acting in the capacity of fellow servants and because of that the defendant is not liable here. We think the facts in this case bring it squarely within the rule as stated in Stephens v. Lumber Company, 110 Mo. App. 398, 86 S. W. 481. On page 404 of that opinion the court uses this language which we think in point here:

"But if it can be said that Floyd was there as defendant's vice-principal, plaintiff failed to make a case under the rule but recently reaffirmed by the Supreme Court in Fogarty v. Transfer Co., 180 Mo. 490, and by this court in Depuy v. R. R., 110 Mo. App. 110, 84 S. W. 103. The proximate cause of plaintiff's injury was not an order negligently given by the foreman but, as asserted by plaintiff, the negligence of Floyd in handling the timbers—purely an act of a mere workman. The rule approved in the Fogarty case is stated in this language: 'If the negligence complained of consists of some act done or omitted by one having such authority which relates to his duties as a co-laborer with those under his control, and which might just as readily have happened with one of them having no such authority; the common master will not be liable. . . . But when the negligent act complained of arises out of and is the direct result of the exercise of the authority conferred upon him by the master over his co-laborers the master will be liable.' It is the character of the act itself that determines the relation of the actor to the injured servant. If it is one performed in the exercise of delegated authority it becomes the act of the master; and, on the other hand, if it arises from mere co-labor it remains the act of a servant.

"Applying this test, Floyd's act in releasing the timber cannot by any stretch of the imagination be tortured into the manifestation of authority. It was entirely disassociated from any prerogative of the master. It might have happened with any fellow workman without the intervention of authority. Had Monahan dropped his end first it will not be contended that the fellow-servant rule would not apply, but plaintiff says that the act of Floyd, who was doing exactly the same work as Monahan, must be judged by an entirely different rule because of his rank. The position is untenable. [Harper v. Railroad, 47 Mo. 567; Cormly v. Iron Works, 61 Mo. 492; Whalen v. Church, 62 Mo. 326; Moore v. Railroad, 85 Mo. 588; Bane v. Irwin,

172 Mo. 306; Lee v. Detroit Works, 62 Mo. 565; Card v. Eddy, 129 Mo. 510; Hawk v. Lumber Co., 166 Mo. 121.]

"Further, it is contended that the question of the relation of Floyd to plaintiff is one for the jury. In Norton v. Nadebok, 190 Ill. 595, appears this statement of the principle applicable which was approved in the Fogarty case: 'As a general rule the question whether servants of the same master are fellow-servants is a question of fact to be determined by the jury from all the facts of each case . . . If, however, the facts are conceded or there is no dispute with reference thereto, and all reasonable men will agree from the evidence and the legitimate conclusions to be drawn therefrom, that the relation of fellow-servants exists, then the question becomes one of law, and not of fact.'

"In the Fogarty case the submission of this issue to the jury was sustained because under the plaintiff's evidence it was clear the negligent act was committed in the exercise of authority. In this case, giving to plaintiff's evidence every consideration, it appears from the facts therein disclosed, and the reasonable inference to be drawn therefrom, that there is an entire failure of proof with respect to the issue of *respondeat superior.*"

The above case has been cited with approval many times in this State, and the reasoning therein has never been seriously questioned.

The plaintiff contends here that it was a question for the jury as to whether this injury was one of vice-principal or fellow servant, and have cited several cases under this point. We do not so understand it Under facts such as shown here it was for the court. [Radtke v. Basket & Box Co., 229 Mo. 1, 129 S. W. 508; Boston v. Kroger Grocery & Baking Co. (Mo. Sup.), 7 S. W. (2d) 1006.]

The demurrer to the evidence at the close of the whole case should have been sustained.

The judgment is reversed. *Cox, P. J.,* and *Bailey, J.,* concur.