JOHN M. COURTER, Respondent, v. TOOTLE,
WHEELER & MOTTER MERCANTILE CO.,
Appellant.

**Kansas City Court of Appeals, March 29, 1909.**

1. **MASTER AND SERVANT:** Negligence: Right to Recover:
Burden. The servant seeking to recover on the ground of the
master's negligence has the burden to show that the latter
failed in the performance of some duty owing to the former;
and on the evidence in the record it is held the servant has
failed to meet that burden.

2. ———: ———: Servant's Duty. The servant must use reason-
able care to avoid dangers which are open to observation of
each alike.

3. ———: ———: Assumption of Risk: Usual Method. Where
the manner of doing the work is the ordinary and usual one
the servant assumes the risk incident thereto.

Appeal from Buchanan Circuit Court.—*Hon. Chesley
A. Mosman,* Judge.

REVERSED.

*Samuel I. Motter* and *Brown & Dolman* for appel-
lant.

(1) The plaintiff's case, both upon the pleadings
and upon his evidence, is founded on negligence, and
the burden of proof is on him throughout the trial to
prove it. Dowell v. Guthrie, 116 Mo. 654; Ryan v. Mc-
Cully, 123 Mo. 636; Glasscock v. Dry Goods Co., 106
Mo. App. 663; Yarnell v. Railway, 113 Mo. 580. (2)
And it is a question of law whether the evidence tends
to prove such negligence in this case. Ryan v. Mc-
Cully, supra; Glasscock v. Dry Goods Co., supra; Gur-
ley v. Railroad, 104 Mo. 223; Dowell v. Guthrie, supra;
Minnier v. Railway Co., 167 Mo. 120; Titus v. Railroad
Co., 136 Pa. St. 618; Bradley v. Railroad, 138 Mo. 302;
Jackson v. Railway, 104 Mo. 448. (3) If a negligent

manner of doing the work makes the place less safe, that is one of the risks which all engaged in the work have assumed as a risk of the occupation. Deyo v. Tool Co., 137 Fed. 480, 483; Bridge Co. v. Seeds, 144 Fed. 605, 611; Cullen v. Norton, 126 N. Y. 1; Armour y. Hahn, 111 U. S. 318; Brady v. Railway, 114 Fed. 103; Bradley v. Railway, 138 Mo. 302; Livengood v. Lead & Zinc Co., 179 Mo. 240; Forbes v. Dunnavant, 198 Mo. 208; Ryan v. McCulley, 123 Mo. 645; Kinnear Mfg. Co. v. Carlisle, 152 Fed. 937; Cregan v. Marston, 126 N. Y. 572; Mining Co. v. Duke, 164 Fed. 182. (4) The crates will be presumed to have been properly handled and piled when put in because every one is presumed to properly acquit himself of his engagements and his duty. Yarnell v. Railway, 113 Mo. 579; Lennox v. Harrison, 88 Mo. 491; Bridge Co. v. Seeds, 144 Fed. 605, 609.

*S. I. Motter* and *Brown & Dolman* for respondent.

BROADDUS, P. J.—This is a suit against defendant, a corporation engaged in the wholesale dry goods business, for damages alleged to have been the result of defendant's negligence.

On or about the 20th day of April, 1906, the plaintiff was engaged with three other employees in unloading from a car crates of linoleum and storing them in defendant's warehouse. These crates were twelve feet long, fourteen inches in diameter and weighed from five hundred and fifty to seven hundred pounds. They were constructed by using two pine boards, each fourteen inches square, one at each end of a roll of linoleum. The ends of two boards, each fourteen inches square, were nailed to the opposite edges of these boards. The roll of linoleum was then placed between these boards and, to secure them in place, short pieces of pine about six inches wide, six or eight in number, were nailed at intervals across the open sides. In the language of the description given in the briefs, "the structure looked like a com-

mon tree box, closed at the ends, within a roll of lino-
leum inside instead of a tree." The dimensions of the
warehouse were eighty by one hundred feet; and, accord-
ing to the evidence, the warehouse was imperfectly
lighted.

The crates were stored in piles four feet high. On
the occasion in question, the plaintiff with the other
employees was engaged in piling crates of the descrip-
tion named upon a pile that had been made sometime
previously. The crates were carried to the place desired
upon a truck. The manner of depositing them was for
two men to place a flat iron bar about three feet long
under one end of the crate and by this means to lift
that end up to a level with the top of the pile, and put
one end of the iron bar on the top of the pile, and then
the man at the other end of the bar would hold on to it
and support that end of the crate. The man that had
raised the inside end of the iron bar to the top of the
pile would then go to the other end. of the crate and
help the two there to raise it, and then all hands would
roll it on the pile. While the plaintiff was lifting the
end of the bar next to the pile of crates, he was struck
near the hip bone by one of the cleats in the pile, which
had become loosened and protruded outward, and was
injured. It was shown that these cleats frequently be-
came detached while the crates were being handled, and
the employees were instructed by defendant's superin-
tendant that when they saw one that was loose to nail
it back and, if that could not be done satisfactorily,
to take it off. And it was shown that both the employees
and the superintendent at times nailed these cleats when
they observed that they were loose or took them off when
they deemed that proper. And that it was a thing which
frequently happened and the matter would be remedied
by any one of them when it came under his notice. Such
was the usual course pursued in the handling of these
crates and with which plaintiff was familiar.

The plaintiff recovered judgment and defendant appealed. Several questions are raised on the appeal, but we will confine our discussion to the one that we think is decisive of the case. The defendant by proper instruction raised the question of the right of plaintiff to recover on the pleadings and evidence. The court entertained the opinion that the plaintiff was entitled to recover on the showing he had made and overruled defendant's demurrer.

It is elementary law in cases of negligence arising between employee and employer, that plaintiff must, as a condition precedent to his right to recover, show that defendant failed in the performance of some duty owing him as his employer. [Glasscock v. Dry Goods Co., 106 Mo. App. 657; Ryan v. McCully, 123 Mo. 636; Gurley v. Railway, 104 Mo. l. c. 223.] We are of the opinion that plaintiff failed to show that defendant was derelict in the performance of any duty, whose non-performance would authorize a recovery. It appears from the plaintiff's own evidence that it was as much the duty of employees as that of defendant to guard against injury to be anticipated from the cleats that might become detached from the crates. These loosened cleats could not be seriously regarded as a menace to the safety of the defendant's employees. There are many ways in which a person may be injured from causes wholly unexpected and therefore not to be anticipated, for which the law affords no compensation. If it were otherwise, the undertaking of an employer would be that of an insurer for the safety of his servant. And we have not yet reached that stage in our jurisprudence where the entire care for the safety of the servant devolves on the master, and the safety of the servant is not to be entrusted to his own reasonable and independent action.

It is the duty of a servant, which he owes to himself as well as to his master, to use reasonable care to avoid danger to be apprehended from defects and conditions which are as open to observation to the one as to

the other and which he can, by the use of ordinary care, avoid or remedy as well as can his master. [Beckman v. Brewing Ass'n, 98 Mo. App. 555; Glasscock v. Dry Goods Co., 106 Mo. App. 657.]

The manner of doing the work was ordinarily a reasonably safe one, which the defendant had the right to pursue, and the risks of danger attending it were assumed by plaintiff by reason of his employment.

It was not shown that the want of sufficient light in the warehouse had any causal connection with the plaintiff's injury.

Reversed. All concur.