## EDWARD B. DICKINSON, Respondent, v. M. R. JENKINS, Appellant.

### Kansas City Court of Appeals, April 4, 1910.

1. MASTER AND SERVANT: Assumption of Risk: Ordinary Method: Fellow Servant: Dual Capacity. In defendant's agricultural implement factory certain timbers in process of painting were customarily stacked in piles about five feet high. Each layer of timbers was separated from the next layer by a thin strip running across the pile at each end thereof. Plaintiff was injured by the fall of a timber from one of these piles. The fall of the timber was the result of the builders of the pile having used a cross strip which was too short, and their piecing it out with a short strip. Defendant's foreman had helped build the pile. The method adopted was in common use by plaintiff and his co-employees. The trial court should have sustained a demurrer to the evidence, first, because the plaintiff was injured as the result of a risk assumed by him, second, because the foreman's acts in helping build the pile were the acts of a fellow-servant and not those of a vice principal.

2. ——: ——: ——: Degree of Care Due From Master. A master is not an insurer. He is bound to use only reasonable care for the protection of his servants.

3. ——: ——: ——: "Simple Tool" Doctrine. The principle for determining the measure of care to be used in the piling of the timbers in this case is governed by the rule applicable to the degree of care which the master owes to the servant in supplying simple tools or in ordering a simple method of performing ordinary work.

4. ——: ——: **Fellow Servants: Dual Capacity.** If the thing done by a servant is an act which is performed in the exercise of authority delegated by the master, it is the master's act; if it arises from mere co-labor it is the act of a fellow servant.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble,* Judge.

REVERSED.

*Frank Sheetz & Sons* for appellant.

(1) The plaintiff was employed to do certain work: pile and re-pile timbers and paint or varnish them; that was his work and whatever risks attended the work were assumed by him, and for that reason the demurrer to the evidence should have been sustained. Bradley v. Forbes Tea Co., 213 Mo. 320; Hollaran v. Union Co., 133 Mo. 470; Harvester Co. v. Zak Zewski, 220 Ill. 522, 77 N. E. 147; Winkler v. Basket Co., 137 Mo. 400. (2) The master can conduct his business in his own way, though a different method would have been less dangerous. Bradley v. Railroad, 138 Mo. 293; Kane v. Railroad, 112 Mo. App. 650; Hollingsworth v. National Biscuit Co., 114 Mo. App. 20. (3) The timbers were piled in stacks by the fellow-servants of plaintiff. Putnam was a fellow-servant with plaintiff. Hawk v. Lumber Co., 166 Mo. 129; Fogarty v. Transfer Co., 180 Mo. 490; Depuy v. Railroad, 110 Mo. App. 110.

*Scott J. Miller* for respondent.

(1) The place in which respondent was directed to work was unsafe, and knowledge of its dangerous condition was known to the defendant and unknown to the plaintiff. This being true, defendant is liable. McCormick Harvester Co. v. Zak Zewski, 220 Ill. 522; Holloran v. Iron Co., 133 Mo. 471; Doyle v. Trust Co., 140 Mo. 19; Sambos v. Railroad, 134 Mo. App. 460; Smith v. Kansas City, 125 Mo. App. 155. (2) There was no assumption of risk in this case. Rigsby v. Supply Co., 130 Mo. App. 133; Depuy v. Railroad, 110 Mo.

App. 120; Railroad v. Myers, 226 Ill. 358.    (3)    The verdict is for the right party and is supported by substantial testimony, and the judgment will not be disturbed on appeal.    Bradford v. Railroad, 119 S. W. Rep. 32.

JOHNSON, J.—Action by a servant against his master to recover damages for injuries alleged to have been caused by negligence of the master.    Verdict and judgment were for plaintiff in the sum of one thousand dollars and the cause is before us on the appeal of defendant.

The injury occurred in the morning of July 13, 1908, in the paint room of an agricultural implement factory operated by defendant in Chillicothe.    Plaintiff, a common laborer, had been employed in the factory about three months and, at the time of his injury, was engaged with a fellow-servant in the task of taking timbers, recently painted, from the piles where they had been placed to dry, stenciling them and then repiling them in an adjoining room.    These timbers, used in the manufacture of hay-stackers, were 18 feet long, 5 1-2 inches wide, 2 1-2 inches thick, and each weighed about 140 pounds.    The pile was five feet high and consisted of three stacks set close together, each stack being about twenty inches wide.    The timbers were set on edge, there were ten layers, and each layer rested on a thin strip placed crosswise under each end.    Plaintiff and his fellow-workman had removed all of the layers of the first stack but the last and were in the act of stooping to pick up a timber from the last layer when the outside timber on the top layer of the second stack toppled off and fell on plaintiff, injuring him.

The foremen of the paint room and another workman had piled these timbers and it appears had used a crosspiece that was too short to extend under the end of the outside timber.    To remedy this deficiency, they had put in a short strip called a "shinney," but

while this prevented the freshly painted edge of the timber from coming in contact with the timber underneath, it did not serve as a binder to hold the timber in place, but left it unstable and likely to fall. Though the foreman helped to build this particular pile, it appears that the workmen employed in the room, including plaintiff, piled such timbers and that the method followed in this instance was that usually pursued in the shop. The negligence charged in the petition is "that the falling of said heavy stick of timber that injured plaintiff as aforesaid, was caused by, and was the result of the careless and negligent act and omission of defendant, by his superintendent, foreman and employees, having in charge the stacking and handling of said lumber as aforesaid, and the careless and negligent act of defendant's said foreman in so leaving said large piece of timber at such a great distance from the floor insecurely stacked, placed or stacked, that the defendant by his superintendent and foreman having charge of the work as aforesaid, who at all times well knew, or by the exercise of ordinary care or caution could have known the negligent acts and omissions as aforesaid and the danger incident thereto; that at the time of his said injury the plaintiff was, at the direction of the foreman, removing a plank near the bottom of said insecure stack of lumber, but not connected with said stack, and was so directed by the foreman. Plaintiff states the fact that said stack of lumber was so dangerous and about to fall and that said large stick of timber on top was so carelessly and negligently and insecurely thereon placed was, prior to the falling thereof unknown to the plaintiff; that the plaintiff accepted the said direction to go near said stack of lumber as an assurance that it was a safe place in which to work, and it was then apparently so to the plaintiff; that the plaintiff was inexperienced in the work of stacking and handling such lumber, having been engaged only a short time prior to the said injury, and

then was employed in the paint shop and varnish room of said factory, and that this plaintiff was pursuing his work with prudence, care and caution at the time of the injury aforesaid."

We think the learned trial judge erred in not granting defendant's request for a peremptory instruction to the jury to return a verdict in defendant's favor.

There is no evidence of a negligent breach on the part of the master of his duty to exercise reasonable care to furnish his servant a reasonably safe place in which to work. As has been said, a great number of times, the master is not an insurer of the safety of the servant, is not bound to exercise extraordinary care, and is not required to adopt the safest or most approved methods of conducting his business. Within the somewhat wide limits of reasonable care, he may conduct his business in his own way, and the risks of injury from such methods are risks assumed by the servant as a part of the contract of employment. The method employed in the present instance of piling the timbers in layers separated by cross pieces was primitive and simple. To hold that the master should have used braces or standards to hold the timbers in place would be to hold him to the exercise of extraordinary care. "We have not yet reached that stage in our jurisprudence where the entire care for the safety of the servant devolves on the master, and the safety of the servant is not to be entrusted to his own reasonable and independent action." [Courter v. Mercantile Co., 136 Mo. App. 517.]

The rule applicable to this case is that which governs what might be designated as the "simple tool" cases. Where the servant is provided with an ordinary hammer, ax, chisel or handsaw, common tools with which everyone is familiar, he cannot complain of the master and say that he should have been provided with a different kind of tool. So, where sticks of wood are

piled as men have piled them through all ages, the servant required to unpile them cannot be heard to complain of the master for not having made a different sort of a pile. Moreover, if it could be said that the foreman was negligent in making the pile too high or in not putting in a longer cross stick, his negligence was not the negligence of defendant but was that of a fellow-servant of plaintiff. Piling and unpiling the timbers were duties belonging to the employment of plaintiff and his co-laborers. The accidental fact that the foreman assisted in raising this particular pile did not change the nature of the act, which was not that of a vice-principal but one of co-service. "It is the character of the act itself that determines the relation of the actor to the injured servant. If it is one performed in the exercise of delegated authority it becomes ·the act of the master; and, on the other hand, if it arises from mere co-labor, it remains the act of a servant." [Stevens v. Lumber Company, 110 Mo. App. 398.]

The judgment is reversed. All concur.