## TOBE FLEEMAN, Respondent, v. BEMIS BROTHERS BAG COMPANY, Appellant.

**Kansas City Court of Appeals, December 20, 1911.**

1. **MASTER AND SERVANT: Vice-Principal: Dual Capacity: Negligence: Contributory Negligence.** Plaintiff was injured by the falling over of a bale of burlap which had been put in place by plaintiff's foreman. The bale which fell was at the end of a row of similar bales. The bales were frequently secured by putting a block under the edge furthest from the wall. The end bale was invariably blocked, but the block was omitted in this instance. The placing and blocking was done indiscriminately by the foreman and his men, as was also their inspection after being placed, and the falling over of a bale was of every day occurrence. Under the evidence, plaintiff was held to be without a cause of action, first because the nature of the work and the method in which it was done were not such as would lead the master to reasonably anticipate that one of the bales would fall and injure one of the men; second, because it was a part of plaintiff's work to see that the bales were securely placed; third, because in placing the bale and failing to block it the foreman was acting as a fellow-servant, and not as a vice-principal.

2. ———: ———: ———. Where one servant causes an injury to another through his negligence, the master is liable if the negligent thing was done in the exercise of delegated authority, but the master is not liable if the negligent thing arose from mere co-labor.

3. ———: ———: ———. Where one acting in the dual capacity of vice-principal and fellow-servant to another makes the place unsafe by his negligent act as fellow-servant, and then in his capacity as vice-principal orders the servant into the unsafe place, whereby the servant is injured, the master is liable. But this rule has no application where it was the injured servant's duty to see that his place of work is kept reasonably safe.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED.

159 App.—38

*Boyle & Howell* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. (a) For the reason that plaintiff was not in the exercise of ordinary care for his own safety at the time he was injured. (b) For the reason that plaintiff and Frank McPheeters, who set up the bale by the fall of which plaintiff was injured, were fellow-servants in the matter of setting up the bales. (c) For the reason that no general custom within the meaning of the law, was shown or proven, as alleged in the petition in the matter of blocking the bales, and plaintiff knew the risk. (d) For the reason that it was the duty of plaintiff to block the bales before throwing bolts or other goods upon top of them. (e) If the injury was caused by the negligence of a foreman while performing the duties of a laborer, his negligence was the negligence of a fellow-servant, and the master would not be liable. Robinson v. Railroad, 133 Mo. App. 117; Knorp v. Wagner, 195 Mo. 637; Blundell v. Mfg. Co., 189 Mo. 552; Bradley v. Tea Co., 213 Mo. 320; American Bridge Co. v. Leeds, 144 Fed. 605; Westinghouse v. Callaghan, 155 Fed. 397; Garland v. Railroad, 85 Mo. App. 579, 581; Davis v. Detroit Co., 20 Mich. 105; Wilson v. Fremont Mills, 159 Mass. 154; Welch v. Brainerd, 108 Mich. 38; Hoth v. Peters, 55 Wis. 405. (2) Instruction P-1, given by the court on behalf of the plaintiff, was erroneous in this, that it permitted the plaintiff to recover. (a) If in the exercise of ordinary care he did not discover that the bale about which he was working was not blocked, it appearing by his own testimony that he made no effort to do so. (b) If Frank McPheeters knew that by reason of its not being blocked said bale was not reasonably safe and secure. (c) If Frank McPheeters knew or should have known that plaintiff would have reasonable cause to believe and did believe that the bale was blocked and in a reasonably safe

condition.  (d)  The language (8th line, p. 219), "ordered plaintiff to place sme bolts of burlap on top of said standing bale of burlap," is without any subject and does not appear to be connected with the other parts of the instruction.  The language does not show who ordered plaintiff.  (e)  The instruction ignores essential element of the case and does not cover the facts pleaded and proven in defense, and is conflicting with defendant's instructions.  Flaherty v. Transit Co., 207 Mo. 318, 334; Toncrey v. Railroad, 129 Mo. App. 596, 600; Bolles v. Railroad, 134 Mo. App. 696, 704.  (f)  And proper instructions given for defendant do not cure an erroneous instruction given for plaintiff, the presumption being that the jury discarded the true for the false.  Ross v. Railroad, 132 Mo. App. 472, 481; Haywood v. Excelsior Springs Co., 129 Mo. App. 691, 698; Russell v. Poor, 133 Mo. App. 723, 729.  (g)  The words of said instruction, "that plaintiff acted, conducted and demeaned himself as an ordinarily prudent person would have done," are equivocal, and leave the jury to enter into the fields of a conjecture and speculation.  It is erroneous to use such language in a general instruction covering the whole case.  Hunt v. Railroad, 126 Mo. App. 79. (h)  The instruction ignored the fact that the plaintiff's evidence showed that McPheeters and plaintiff were fellow-servants in the work of setting up the bales.  Kappes v. Brown Shoe Co., 116 Mo. App. 154; Bennett v. Himmelberger, 117 Mo. App. 58; Dickey v. Dickey, 111 Mo. App. 304.

*Bird & Pope* for respondent.

The plaintiff proved a clear case of liability on the part of the defendant.  Of course the "dual capacity" doctrine is recognized in this state.  Fogarty v. Transfer Co., 180 Mo. 449; Bane v. Irwin, 172 Mo. 306, 1. c. 317.  (Act of ordering the bolts thrown on

the bale was the act of a vice-principal.) And it is probably true that the act of McPheeters, the foreman, in standing the bale up was the act of a co-laborer of the plaintiff, but McPheeters, being the foreman and in charge of the men in the basement, had certain duties to perform for the defendant. It was his duty, as foreman, to seek out and remove any danger in the place of work of plaintiff. Frazier v. Company, (Mo. App.), 130 S. W. 485, Syl. 2; 20 Am. and Eng. Enc. L. (2 Ed.), p. 95. And it was his duty to warn plaintiff of any hidden danger not known to him. Musick v. Packing Co., 58 Mo. App. 322, Syl. 4; Zellars v. Light Co., 92 Mo. App. 107, Syl. 4; Anderson v. Coal Co., 108 Minn. 455, 122 N. W. 794; (Duty to warn when non-delegable.) Where one acting in the dual capacity of vice-principal and fellow-servant to another makes the working place unsafe by his negligent act as fellow-servant, and then in his capacity as vice-principal orders the servant into the unsafe place, whereby the servant is injured, the master is liable to the injured servant. And that is this precise case. Rigsby v. Supply Co., 115 Mo. App. 297, Syl. 8; Mack v. Railroad, 123 Mo. App. l. c. 539; Herdler v. Range Co., 136 Mo. 3, Syl. 6, l. c. 15. And in such a case the servant would not be guilty of contributory negligence in obeying the order of the vice-principal, although he knew his employer was negligent. Rigsby v. Supply Co., 115 Mo. App. 297, Syl. 11. And where the master negligently orders a servant's act which renders the working place unsafe, a prima facie liability against the master arises because of such negligent order. Bennett v. Lime Co., (Mo. App.), 124 S. W. Rep. 608, Syl. 2; Wilson v. Railroad, (Mo. App.), 121 S. W. Rep. 1089 Syl. 2, 20 Am. and Eng. Enc. L. (2 Ed.), p. 120. (6). And of course the negligence of McPheeters was the negligence of a vice-principal of the defendant. Miller v. Tel. Co. (Mo. App.), 126 S. W. 187, Syl. 4; McIntyre v. Tebbetts, (Mo. App.), 120 S. W. Rep. 625;

Anderson v. Mining Co., 138 Mo. App. 76. And the risk of injury from a falling bale left unblocked through the negligent act of the foreman was not a risk of plaintiff's employment which he assumed. Rigsby v. Supply Co., 115 Mo. App. 297, Syls. 4 to 10. (Even if bales had fallen frequently. Syl. 5.) The order of McPheeters, the foreman, to place the bolts on top of the particular bale that fell was an assurance by him that plaintiff could safely obey the order. Bennett v. Lime Co., (Mo. App.), 124 S. W. Rep. 608, Syl. 2; Mack v. Railroad, 123 Mo. App. 1. c. 542; Keegan v. Kavanaugh, 62 Mo. 230, Syl. 3; Herdler v. Range Co., 126 Mo. 3, 1. c. 17; Sullivan v. Railroad, 107 Mo. 1. c. 78. And plaintiff had a right to rely on the belief that the foreman had performed his duty and blocked the bale. Redmond v. Railroad, (Mo. Sup.), 126 S. W. 159, Syl. 15; Combs v. Const. Co., 205 Mo. 367, Syl. 2; 20 Am. and Eng. Enc. L. (2 Ed.), p. 120 (6). When a defendant by his negligent acts or omissions throws plaintiff off his guard, or when a plaintiff acts in a given instance upon a reasonable supposition of safety, induced by the defendant, when there is in reality dangers to which plaintiff is exposing himself in a way to an extent which, but for defendant's inducement, might be imputed to plaintiff as negligence, sufficient to prevent a recovery, such conduct on the part of plaintiff, so induced, will not constitute contributory negligence in law, and the defendant will not be heard to say that the plaintiff's conduct under the circumstances is negligent for the purpose of a defense to the action. McGee v. Railroad, 92 Mo. 208, 218; Sullivan v. Railroad, 107 Mo. 1. c. 78; Bradley v. Railroad, 138 Mo. 1. c. 306; Schlitz v. Railroad, 32 Mo. App. 438, Syl. 3, 1. c. 449, 450.

BROADDUS, P. J.—This is a suit to recover damages for an injury plaintiff suffered while in the employ of defendant. The defendant is a corporation

engaged in the manufacture and sale of burlap and other cloths. The injury was inflicted on the 27th day of October, 1908, while the plaintiff was working in the basement of defendant's building.

The plaintiff's evidence was to the effect that there had been placed against the walls of the building in a row about one dozen bales of burlap. These bales were 34 inches thick, 36 inches wide and 5 feet in length, and weighing about 1600 pounds, and were rounded at the corners. A man by the name of Mc-Pheeters was the defendant's foreman who super-vised the work and also at times did a part of it himself. It was usual when a bale was stood up on its end in the row to block it in position to keep it from falling with a piece of wood placed between the lower edge of the bale and the floor. It was, however, the invariable custom to so block the end bale in the row. On the top of these bales were placed bolts of burlap weighing 100 pounds.

Shortly before plaintiff was injured McPheeters set a bale of burlap at the end of the row, but failed to secure it from falling by blocking it. The plaintiff and another workman while working trucked a quantity of the bolts to the row in question and proceeded to pile them on the burlap. While so doing, and as he was reaching around to take a bolt from the truck, the said bale fell upon him and crushed him against the truck inflicting severe and lasting injuries. He did not know that the bale was unsecured, yet, he might have ascertained that fact by careful inspection, as there was sufficient light for that purpose, although it was shown that the light in the basement was not good. McPheeters was close by at the time and was directing the work. The floor of the basement was uneven which it is claimed was a contributory cause for the failure of the bale to stand when placed against the wall. It appeared that a great number of these bales were handled daily and there

were long rows of them; and that it was the business of McPheeters, the plaintiff, and two other laborers to put up and take down the bales. It was shown that some of these bales fell down daily.

The defense was contributory negligence; that respondent assumed the risk of the employment; and that one of the risks was the liability that a bale would fall upon him.

The appellant contends that as it was a part of respondent's duty to set up and take down the bales in question, it was his farther duty to see that they were secure in their positions; and that as the bale was standing when he began placing the bolts on top of it, it was his duty before he commenced the work to see whether it was safe in its position, and, if not, to make it so.

In a similar case this court holds that there was no evidence of a negligent breach of duty upon the part of the master to furnish his servant a reasonably safe place in which to do his work. [Dickinson v. Jenkins, 144 Mo. App. 132.] And it is said in another case by this court that: "We have not yet reached that stage in our jurisprudence where the entire care for the safety of the servant devolves on the master, and the safety of the servant is not to be entrusted to his own reasonable and independent action." [Courter v. Mercantile Co., 136 Mo. App. 517.] It appears from the respondent's own evidence that it was as much his duty as that of appellant to guard against danger, if any, to be anticipated from the fall of a bale, as it was that of the appellant. Idem.

Furthermore, we hold that McPheeters' act was that of a fellow-servant. It is said that: "It is the character of the negligent act itself which determines the relation of the actor to the injured servant; if the act be in the exercise of delegated authority the master is liable; if it arises from mere co-labor it remains the act of the servant." [Stephens v. Lumber Co., 110

Mo. App. 398.] There is no dispute but what it was McPheeters, the foreman, who while working at the business left the bale unblocked. This constituted him a fellow-servant and co-laborer so far as that act was concerned.

But respondent contends that: "Where one acting in the dual capacity of vice-principal and fellow-servant to another makes the working place unsafe by his negligent act as fellow-servant, and then in his capacity as vice-principal orders the servant into the unsafe place, whereby the servant is injured, the master is liable to the injured servant." And it is so held in Rigsby v. Supply Co., 115 Mo. App. 297; Mack v. Railway Co., 123 Mo. App. 1. c. 539; Herdler v. Range Co., 136 Mo. 1. c. 15. And this rule might apply were it not for the other rule as already stated, that it was as much the duty of the plaintiff under the circumstances to see that his place for work was reasonably safe as it was that of the master, and notwithstanding the negligent act of the foreman, respondent's own contributory negligence forbids his right to recover.

And it may be further said, that owing to the composition of the bales, and the circumstance that the workman, whose duty it was to put them up and take them down, it could not have been in the reasonable anticipation of the master that one of them would fall upon and injure one of the workmen as the plaintiff was in this instance. The result, it is true, has not suggested its probability in the ordinary course of events, yet, it was not impossible. For the reasons given the cause is reversed. All concur.